24-2166. Mr. Mulandory, you have reserved five minutes for your time for rebuttal. Okay, you may begin, sir. Good morning, Your Honor. As you know from the brief, this is a very comprehensive and complex case of great interest to approximately 100,000 federal employees and federal retirees in the non-foreign areas of the United States. Since FEDCA, the Pay in 1994, their salaries, including all components of their salaries, have increased by 21.75% less than the salaries of all other federal employees in the United States. There was a chart in the I'm sorry. What is the money mandating source of law that you identify for jurisdictional purposes here? Well, we think there are three. There are clearly three money mandating sources of law. The FEDCA itself in section FEDCA itself is a money mandating statute, and there's only one provision in the entire enactment that prevented it from applying in the non-foreign areas. And that provision was a parenthetical phrase that was inserted toward the end of the process. No one has been able to identify a reason for that insertion. We believe that that parenthetical phrase was misinterpreted by the Office of Personnel Management and didn't really require the exclusion of non-foreign areas from the locality pay program. But if it was correctly interpreted, it was unconstitutional as a denial of due process and as a bill of attainder. And there are cases cited in our briefs. Counselor, to do what you're arguing, it would require that we identify the statute, correct? It would require that you disregard a phrase in a very long, complicated statute, a very small parenthetical phrase. This was done in... And you want us to disregard that phrase? Pardon me? You want us to disregard that phrase? Yeah, I think that phrase should be disregarded because I believe it was misinterpreted, and I believe that if it was correctly interpreted, it was unconstitutional. But what is it exactly that you want? What's your prayer for relief? Well, we would like to have this court primarily reverse the claims court and hold that it did have jurisdiction over all six claims. But in the process of that reversal and remanding to the claims court for further proceedings, we believe that this court should take the opportunity to issue certain holdings on the applicable law that would be for the guidance of the claims court upon remand. You're referring now to a declaratory judgment? No, we've not asked for a declaratory judgment. It sounds like that's just what you said just now. No, no. You want us to declare a certain part of the statute to be void. Well, if... Right? We've cited several cases in the brief in which the federal circuit has disregarded unconstitutional, illegal, ultra-virus provisions in law, statutory or regulatory law. There's nothing new or unusual about allowing a claims court judge to read a money-mandating statute. Well, I guess that's the point. We have and we do interpret statutes to a point to where we can reverse a statute or things like that, but for good reason, I don't see the good reason in your argument. You don't see... Well... No, sir, this way I'm asking you, what is it that you want? It's monetary relief. How much money? And where's it coming from? The United States Judgment Fund, Your Honor, is a continuing appropriation to pay claims against the United States that are upheld or settled through the judicial process. And I don't think there's any question about the availability of money to pay these back pay claims. I've never been aware of the availability of funds to be relevant to a court decision on the merits of a claim. The cost of the claim to the government is completely up in the air. There's no certainty now about what that would be. Let me ask you, normally when we have a case brought to us under the Tucker Act, it's a situation where the appellate is saying, the statute in provisions A, B, and C entitles me to money. And the Court of Federal Claims said I wasn't entitled to money under those provisions, and that determination by the Court of Federal Claims was wrong. But what you seem to be saying is, in response to just looking at your brief and in response to your colloquy with Judge Reina, is that, yes, the provision says I'm not entitled to money, but the provision is wrong. And you're complaining, you're not saying I'm entitled to money under the provision, you're saying the provision doesn't entitle me to money, and that's a wrong provision. I don't think that's the kind of thing, respectfully, that we can really address. So that's how you, why I guess you bring in your constitutional arguments, correct? Well, this subject has been litigated, as you may know from the briefs, since 2009. Look at the Matsuo, the Cruz, the Lasquitt, and the Rodriguez cases. Yes, those cases, however, were, the Matsuo cases, I treat them separately because they were filed on behalf of a Excuse me, but I understand what you're saying, but I want to just make, am I wrong in saying that you're complaining about the language of the statute? You're saying that language is wrong. You're not saying I'm entitled under that language. Right, I'm saying that That's what you're saying? I'm saying that the provisions in question, in constitutional question in this case, are invalid and have to be disregarded. And once disregarded But you would say that if they're not determined to be unconstitutional, I lose. Well, that seems to be what you're saying respectfully. I mean, you make your constitutional argument, but you seem to be saying, you don't seem to be saying that the language of the statute as it exists entitles me to compensation, or my clients to  Well, the court should distinguish between claims one through five and claim six. Claims one through five raise constitutional issues. They point out that the money mandating statutes applicable to salaries, as opposed to retirement benefits, that the money mandating statutes applicable to salaries have within them certain provisions, which are a denial of due process and a bill of attainder. The sixth claim is for retirement benefits under existing statutory law. That's the provision with respect to which the court below said, that's only for OPM to decide. And go to the Merit Citizens Protection Board. Yeah. And the MSPB does not have jurisdiction over that claim. I would like to be very clear about this. There are a lot of cases which hold that claims that actions and decisions, actions and personnel decisions are required to go to the Merit Systems Protection Board. But there are no cases saying that rulings on the validity of a statute or the validity of an interpretation are necessarily actions and decisions by OPM that are appealable to the MSPB. There was no action or decision, personnel order of any kind by OPM that could have been appealed to MSPB. So, counsel, if we disagree with you and think that this should first go with respect to claim six to OPM and then to the MSPB, would you agree that we should dismiss with respect to claim six? Or what would be the relief that you think would be appropriate? I think that the court should reach the merits of claim six without remanding that question to the claims court. I think that merits are fully briefed in the plaintiff's opening brief. And there are additional arguments in the reply brief. Those same arguments can be made all over again at the claims court level. But those issues, the issues arising under claim six are entirely ones of law. There are no factual matters in dispute. Any decision by the claims court on those matters would come back to this court for review de novo. So, we don't see a need for a dress rehearsal in the claims court on claims that have been in litigation since 2009 in several different cases. So, you're into your rebuttal time? You're into your rebuttal time? Would you like to reserve it? I think that would be good. You can continue if you want. Yeah, I'll stop at this point and I'll reserve the rest of my time. Okay. Counselor Keefe? Sorry, what? Yes, you may proceed. Oh, Fomenkova, sorry. Good morning, your honors. May it please the court. The court of federal claims correctly dismissed this case and this court should affirm that dismissal. Plaintiffs do not state a claim for actual presently due money damages from the United States. Rather, what they're seeking is for the court to create a new entitlement, one that has never existed for, frankly, anyone, any federal employees. And that is fundamentally not a Tucker Act claim that belongs in the court of federal claims. Maybe that can be addressed in a district court somewhere, but the court of federal claims correctly dismissed it. In terms of claim six specifically, that is the one that was dismissed because it belongs through the exclusive judicial review under Title V. And as I understand, the response in the reply brief and reiterated this morning is that before you can go to the MSPB, you have to have an OPM decision. The MSPB doesn't have jurisdiction in the absence of a decision from OPM. And I agree with that. And my answer to that is they have to go to OPM first. It does not mean that they can just skip the OPM process and the MSPB process entirely and go either to the court of federal claims, that never has any role to play in that process, or ask this court to issue what essentially would amount to an advisory opinion on that legal question. Do you agree with counsel's kind of division of the claims? He said treat claims one through five one way and then claim six a different way. Do you agree with that distribution or do you have something different or different gloss to this? I think offhand, I'm probably OK with that division. It was a little bit blurry, I think, below how much the retirement claims are really sort of entirely derivative of the salary claims. But even if I sort of take them at their word today and treat claim six as purely an argument that sort of under the existing statute, that allowance should be factored into the retirement annuity. That still is a claim that has to go to OPM and the MSPB and doesn't belong in the court of federal claims. OK. Thank you. These claims under the claim six, the attempts to include COLA as a part of base pay for retirement purposes, were presented to OPM and OPM decided that it did not have power to accept the arguments that the plaintiffs were making in that submission to OPM. They said, we feel your pain, but our hands are tied. And they felt that OPM had no discretion but to exclude the COLA from retirement calculations. We took the position and still do that there is no discretion, but OPM is required by Congress to include COLA in the retirement base. And the arguments in favor of the appellant's position are set forth in the opening brief and they're somewhat buttressed in the reply brief. Those arguments do not involve questions of fact. They involve OPM's misunderstanding of a 1948 Act of Congress. OPM decided that the use of the term allowance in the U.S. code, which that term began to be used as a result of a code revision in 1966, decided the matter entirely. And for that reason, because... So, counsel, just so I can clarify here, did you ever go the route of appealing from OPM to the MSPB? No, we do not believe that there was an action or decision under the law. The jurisdiction of MSPB is limited to reviewing appeals of actions or decisions. And those actions or decisions are to be made in individual cases. And OPM never issued an order and never issued a decision of any kind that could be appealed. All it said was by our interpretation of federal law, we don't have power to change our interpretation of the statute. We are saying that federal law requires COLA to be included, not excluded. OPM's interpretation back since 1948 has been wrong. Did you appeal that part of the OPM decision that they did not have authority to entertain your claim? No, because we don't believe that MSPB has jurisdiction over questions of law that come up in the interpretation of federal statutes. This is the Alanese case all over again. If the court would refer to the briefs, you'll find references to a case that I myself handled in 1983. It was decided by this court, I believe in the first year of your existence, in 1984. And in that case, the court, that case was filed in the federal district court. And the court held that OPM's order was invalid because it did not comply with law, namely the notice and comment requirements for issuing an order. Mr. Mulgrew, you would agree, I would think, that MSPB can interpret a statute. Say there's a statute for retirement benefits, and there's a question as to what a provision of the statute means. Certainly, MSPB, in an appeal from a final action by OPM, is competent, is it not, to rule on the meaning of that statute? If there were a final decision or order by OPM, yes, but there has not been. OPM has refused to issue an order or decision saying that they have no power to interpret the law differently than the way they're interpreting it. They have expressed... Well, isn't that a decision, though? I mean, if they're saying, we can't issue a decision because we don't have power to interpret the statute, isn't that something you could take to MSPB and say, look, we went to OPM, here's what they said, they're wrong, correct it. MSPB has jurisdiction to hold OPM regulations invalid, but that jurisdiction is permissive. It's available to be invoked by the director of OPM. We're not interested in having MSPB express an opinion, a declaratory judgment, as it were. That's your path to this court. To get to this court, you had to have gone through MSPB, then through the claims court directly here. But we didn't have to go through MSPB in the Alaniz case, and this court existed at that time. The laws at that time were the same as they are today. The district court, the federal district court in Anchorage, held that a regulation issued by OPM lowering COLA rates for everybody in the Anchorage area was invalid as a matter of law because it violated the notice and comment requirements of the APA, and therefore plaintiffs were entitled to back pay. The court realized that it was not dealing with a decision by OPM. It was dealing with an order, and in our brief, we've pointed out that orders are completely different from decisions. In the APA, that distinction is made crystal clear. And what the Marist Systems Protection Board has jurisdiction over are orders, actions and orders. OPM does not have jurisdiction. MSPB does not have jurisdiction over rules. Your will over your rebuttal time. I'm sorry. But we thank you for your argument, sir. We thank the parties for their arguments, and the case will be submitted.